UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RUSSELL DAVENPORT,

             Plaintiff,

             -against-

SELFHELP COMMUNITY SERVICES, INC.;
TATYANA VASILYEVA,

             Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-7524 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 09 2018 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

On December 22, 2017, the plaintiff Russell Davenport filed the instant *pro se* action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Selfhelp Community Services, Inc. ("Selfhelp") and Tatyana Vasilyeva ("Vasilyeva"), violated his constitutional rights. The plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the complaint is dismissed. The plaintiff is granted leave to submit an amended complaint within 30 days of the date of this Order.

**Background**

The defendant Selfhelp is the plaintiff's court-appointed legal guardian. (ECF No. 1, at 3-4.) Selfhelp, in turn, appointed the defendant Vasilyeva as the plaintiff's legal guardian. (*Id.*) The complaint alleges that on or about July 31, 2015, Vasilyeva imprisoned the plaintiff in his home by holding the door to the plaintiff's home closed; when the plaintiff forced the door open, Vasilyeva kicked the plaintiff in his testicles. (*Id.*) The plaintiff went to the hospital for treatment, and had pain in his scrotum for at least a month. (*Id.*) The plaintiff reported the incident to Selfhelp and the New York Police Department but neither entity took any action.

1

(*Id.*) The plaintiff now seeks monetary damages for his pain and suffering, and punitive damages. (*Id.* at 5.)

## Standard of Review

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Ed. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because the plaintiff is *pro se*, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers" and the court is required to read the plaintiff's *pro se* complaint liberally. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**Discussion**

In order to state a claim under Section 1983, a plaintiff must allege that "some person acting under color of state law deprived him of a federal right." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60–61 (2d Cir. 2012); *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). Thus, for the plaintiff to succeed on his Section 1983 claim, he must first establish that the conduct of the named defendants is "fairly attributable to the State." *Id., Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

Here, defendant Vasilyeva is a private party and defendant Selfhelp is a nonprofit corporation that provides a variety of services to at-risk populations to enable them to live independently. *Nelson v. Selfhelp Community Services, Inc.*, No. 13 CV 5524, 2014 WL 6850967, at *1 (S.D.N.Y. Dec. 4, 2014). Although the defendants were appointed by New York State court to serve as the plaintiff's legal guardians, their appointment does not automatically render them state actors. *Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999). "When considering the state action requirement of a court appointed representative, courts focus on whether the duty of the person appointed runs to the state or the individual client." *Id.* In this case, the defendants are not state actors because they "exercise independent professional judgment in the interests of the clients that they represent," and their duty runs to their individual clients, not to the state. *Id.* (neither the court-appointed law guardians nor the defendants doctors are state actors for purposes of Section 1983).

Nonetheless, private actors who are not state actors may be liable under Section 1983 if

3

they "willful[ly] participa[ted] in joint activity with the State or its agents" or "conspire[d] with a state official to violate the plaintiff's constitutional rights." *Young v. Suffolk Cnty.*, 922 F.Supp.2d 368, 385 (E.D.N.Y. 2013) (internal quotations and citations omitted); *see also Caldwell v. Myer*, No. 14 CV 5383, 2015 WL 428063, at *3 (E.D.N.Y. Jan. 30, 2015). To state a Section 1983 conspiracy claim, the plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Gill v. Silver Inv'rs Inc.*, No. 16 CV 3219 (LDH), 2016 WL 4099098, at *3 (E.D.N.Y. Aug. 2, 2016). The plaintiff has not made any such allegations, and thus, has failed to state a claim for which relief may be granted. *See id.* at *3 (dismissing action where the plaintiffs fail to allege any facts that the defendants acted in concert with state actors in furtherance of committing an unconstitutional act).

**Leave to Amend**

In light of the plaintiff's *pro se* status, he is granted 30 days to file an amended complaint. If the plaintiff elects to file an amended Section 1983 complaint, he must allege facts showing the conduct of the named defendants is attributable to the state. Also, the amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. No summons will issue at this time and all further proceedings will be stayed for 30 days. If the plaintiff decides not to file an amended complaint, or fails to do so in a timely manner, the action will be dismissed.

**Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The plaintiff is granted 30 days from the date of this Order to

file an amended complaint as detailed above. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

    s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      January 9, 2018